[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this dissolution action intermarried on August 18, 1963. Mrs. Webber is now age 53 and Mr. Webber, age 55. There are two children of this union, both of whom are adults.
The plaintiff for the most part has devoted her time and energies to her duties as a mother and housewife. In these capacities the defendant concedes that she has been a good mother and wife. She has made some money by her artistic endeavors, but these have been of a minor nature. For the past few years she has suffered with depression, for which she has been getting professional help.
The defendant is a lawyer and professional mediator. Of late years his law practice has been secondary. He states his gross earnings to be $1,350.00 per week, or $70,200 per annum. Over the course of this case he has provided the plaintiff with about $53,000 per year through his direct payments to her or the payment of certain bills of hers. During that time he has lived in the beach house in Westbrook for some time thus reducing his living expenses to some degree. It is noted that he expects to receive from his mother's estate an inheritance.
The plaintiff shows a weekly income of $377, being the yield from an inheritance devised to her from a relative in CT Page 8841 New York.
Mr. Webber has engaged in real estate ventures on a sizeable scale. With the downturn in the economy of a few years ago, the land values have suffered substantially. As a result he and his partners face possible deficiency judgments, and his holdings are of little or no value.
As to the two Westbrook properties, there are, aside from $40,000 or so used by the parties to improve No. 50 Second Avenue, largely gifts from Mr. Webber's parents. The two houses stand close to each other, side by side. Mrs. Webber at the trial expressed her desire to acquire No. 50 Second Avenue. However, because a marked antipathy exists between her and the members of the Webber family who would be living next door, an uncomfortable coexistence would be created if she were to own and occupy the beach house (No. 50).
Considerable testimony was proffered as to the element of fault. Mr. Webber did concede that Mrs. Webber was a good wife and mother. He does claim, however, that she should have helped by seeking employment. As to him, Mrs. Webber claims that he engaged in gambling ventures. However, if the economy had not turned downward, it is quite possible that no such accusation would have been levelled against him. As plaintiff's counsel properly points out, the plaintiff has been remiss in providing consistent financial data.
As to the element of fault it is difficult to place it exclusively on either party. The plaintiff is beset with an emotional problem. The defendant has used contentious language to the plaintiff. In summary it is concluded that the bitterness which still persists after 2 1/2 years of separation leads to the conclusion that the marriage has broken down irretrievably.
The following judgment may enter:
1. An order of dissolution may enter.
2. The defendant is ordered to pay to the plaintiff weekly alimony of $500. CT Page 8842
3. The defendant shall maintain life insurance for the plaintiff in the amount of $300,000 (policy presently in existence).
4. The defendant shall also maintain the plaintiff on his current health insurance at his expense.
5. The defendant is ordered to pay toward the legal fees of the plaintiff the sum of $5,000.
6. The plaintiff is ordered to quitclaim to the defendant her right, title and interest in No. 50 Second Avenue, Westbrook, receiving in return the sum of $109,500 from the defendant. If said sum of $109,500 is not forthcoming from the defendant within 120 days from the date of this judgment, then the property shall be sold, the plaintiff receiving the first $109,500 from the proceeds of the sale, and the defendant receiving the balance.
7. The plaintiff is also ordered to quitclaim to the defendant her one-sixth (1/6) interest in No. 56 Second Avenue, Westbrook.
8. The defendant is ordered to pay to the plaintiff the sum of $50,000 payable in five annual instalments. The first instalment is to be paid on September 1, 1996 and the remaining four instalments on each succeeding September 1 until said $50,000 is fully paid. Interest at 6% shall accrue on any overdue payment.
9. All assets of the parties not provided for above shall remain with the parties in their present status.
John M. Alexander State Trial Referee